46 F.3d 1144
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary Levone PIPER, Petitioner-Appellant,
v.
UNITED STATES MARSHAL, Respondent-Appellee.
Antoine Joseph PORTERFIELD, Petitioner-Appellant,
v.
UNITED STATES MARSHAL, Respondent-Appellee.
 Nos. 93-56694, 93-56697.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 7, 1994.
Decided: Jan. 12, 1995.
 
 Before: SCHROEDER, FLETCHER, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The only issue properly before us is the correctness of the United States Magistrate Judge's amended order of extradition. The amendment was made after this court remanded to the district court
 
 
 3
 with instructions to grant the petitions for habeas corpus unless, within 60 days, the extradition magistrate amends the certification of extradition to provide that Piper and Porterfield are extraditable to face prosecution under Canadian Criminal Code Sec. 271 only for conduct that is felonious under California law.
 
 
 4
 Piper v. U.S. Marshal, No. 92-56244 (9th Cir. July 7, 1993), at 2-3.
 
 
 5
 The Magistrate Judge amended his order to provide the following:
 
 
 6
 [t]his court certifies under 18 U.S.C. Sec. 3184 to the Secretary of State that the Canadian charges against Antoine Joseph Porterfield substantively corresponding to the California crimes of Rape of Ms. Padley and Attempted Rape of Ms. Grayson are extraditable offenses. However, Porterfield may not be extradited to face charges of nonconsensual sexual touching, which do not correspond to California's crimes of Rape and Attempted Rape. Further, this court certifies that the Canadian charges against Gary Levone Piper substantively corresponding to the California crimes of Rape of Ms. Padley and Rape of Ms. Grayson are extraditable offenses. However, Piper may not be extradited to face charges of nonconsensual sexual touching, which do not correspond to California's crimes of Rape and Attempted Rape.
 
 
 7
 Because the amended order makes clear that petitioners' extradition is certified only for conduct corresponding to rape and attempted rape under California law, the district court properly affirmed the order and we in turn affirm the district court.
 
 
 8
 Appellants do not seriously challenge the order but criticize certain statements in the district court's opinion of affirmance. The statements relate to Canadian Crown Counsel Morrison's communication of August 11, 1993, addressed to the United States Attorney. Appellants argue that the letter, viewed in the light of certain district court statements, indicates that they may be tried in Canada for the misdemeanor of statutory rape in violation of both the treaty and the amended extradition order. The letter did not pass through the diplomatic channels designated for extradition requests and thus did not amend the charges against petitioners. The letter actually pre-dates the amended order of extradition. Furthermore, the rule of non-inquiry forbids speculation as to the likely workings of a foreign nation's criminal justice system. Arnbjornsdottir-Mendler v. United States, 721 F.2d 679, 683 (9th Cir. 1983). For all these reasons, we will not indulge petitioners' assumption of likely Canadian prosecutorial bad faith.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3